IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>ONEWEST BANK, FSB, *et al.*,<br>Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:09-CV-1148 CW |

On January 5, 2009, the court ordered Plaintiff Commonwealth Property Advocates, LLC to show cause why this case should not be dismissed for lack of jurisdiction. Specifically, the court noted that the complaint was made against an unknown number of fictitiously named, or Doe, Defendants. The court further observed that because Plaintiff had failed to make allegations about the state citizenship of any of such Doe Defendants, Plaintiff did not appear to have made a showing of diversity. *See, e.g., Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 218 (7th Cir. 1997).[1]

Plaintiff's response is that the Doe Defendants should be treated as nominal parties. The presence of nominal Doe Defendants will not defeat diversity. *See id.* Generally speaking, Doe

---

[1] After the court issued the order to show cause, Plaintiff filed an amended complaint. The amended complaint also names Doe Defendants without making allegations about their state citizenship and is substantially similar in its main allegations as the original complaint.

Defendants are considered nominal when they are included in the complaint "in the event that during discovery [a plaintiff] identifie[s] any additional defendants he wishe[s] to add to the suit." *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (1996). On the other hand, Doe Defendants are not nominal if they are included because "the plaintiff knows that there are specific additional defendants he wishes to sue, but is simply uncertain as to their names." *Id.*

Here, it is clear that the Doe Defendants are specific note holders that Plaintiff wishes to sue.[2] The central premise of the complaint is that the Doe Defendants have interests in notes secured by the relevant property that are not recorded on the property's title and were not otherwise disclosed to plaintiff or its predecessor. According to Plaintiff, this situation allegedly creates a cloud on the title of the property. In addition to various other forms of relief against the Doe Defendants, Plaintiff seeks to extinguish their interests in the property. Plaintiff also wants a declaration that the Doe Defendants' undisclosed interests void the action for foreclosure of the property. In these circumstances, it is obvious that the Doe Defendants are not merely nominal parties in this action.

Plaintiff's arguments otherwise have no merit. Plaintiff first argues that the Doe Defendants are nominal because they might waive the right to appear in this action. Plaintiff reasons that until a Doe Defendant is served by publication and actually makes an appearance in this case, its interest should be considered nominal because that party may not show up. But

---

[2] Indeed, Plaintiff has already attempted to serve the Doe Defendants by publication in this case, though its motion to do so was denied. Under the Utah quiet title statute, once the court allows service by publication on Doe Defendants, those parties are bound by the proceedings, even if they do not make an appearance and their identity remains unknown throughout the action. *See* Utah Code Ann. §§ 78B-6-1314 & 1315.

Plaintiff cites no authority that fictitiously named parties should be considered nominal for diversity purposes simply because they might theoretically waive their rights in an action. If that were the case, all unnamed parties would be considered nominal, because any party could waive its rights in a case.

Plaintiff also contends that the Doe Defendants are nominal because they may or may not exist and because their interest may be *de minimis*. In making these assertions, Plaintiff ignores the gravamen of its own complaint. As already mentioned, the central thesis of the complaint is that the Doe Defendants do exist, and that their interests in the property is significant enough to raise a cloud on title. If Plaintiff did not believe in good faith that there are Doe Defendants with significant interests, it should not have brought this complaint.[3]

In sum, Plaintiff has named an unknown number of Doe Defendants, but has not made any allegations about their state citizenship. Moreover, the Doe Defendants are not nominal, so their state citizenship must be taken into account. Because Plaintiff has not done so, it has not carried its burden of establishing diversity jurisdiction.

The court therefore DISMISSES Plaintiff's complaint for lack of jurisdiction.

SO ORDERED this 12th day of February, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[3] By making these observations, the court does not intend to convey any opinion as to the merits of Plaintiff's legal theories.